IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 11-47-GF-BMM-01 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| KEVIN ALFRED GOBERT, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Gobert of violating his conditions of supervised release by using marijuana and methamphetamine. He admitted to the violations. Mr. Gobert's supervised release should be revoked. He should be sentenced to four months in custody, with thirty-eight months of supervised release to follow. If Mr. Gobert can complete twelve months of supervision without committing a violation, the Court will entertain a motion to terminate his supervision.

## II. Status

In December 2011, Mr. Gobert pleaded guilty to the crimes of Abusive

1

Sexual Contact (Count I) and Production of Obscene Visual Representation of the Sexual Abuse of a Child (Count II). (Doc. 73.) He was sentenced to forty-six months of incarceration, with five years of supervised release to follow, on Count I. He was sentenced to sixty months of custody and five years of supervised release on Count II. The sentences were to run concurrently. (Doc. 84.) Mr. Gobert's term of supervised release began on August 28, 2015. (Doc. 64.)

On December 17, 2015, the United States Probation Office filed a Report on Offender under Supervision, notifying the Court that Mr. Gobert had used methamphetamine. (Doc. 91.)

United States District Judge Brian Morris revoked Mr. Gobert's supervised release on January 26, 2016, because he absconded supervision, used methamphetamine, and failed to report for urine testing. (Doc. 102.) Judge Morris sentenced him to three months in custody followed by fifty months of supervised release. (*Id.*)

Judge Morris revoked Mr. Gobert's supervised release on June 6, 2016, because he used methamphetamine, absconded supervision, and failed to report for drug testing. (Doc. 112.) Judge Morris sentenced him to eight months in custody followed by forty-two months of supervised release. (*Id.*)

The Probation Office filed a Report on Offender Under Supervision on

January 31, 2017, notifying the Court that Mr. Gobert failed to report for drug testing, consumed alcohol, failed to complete substance abuse treatment, and used methamphetamine. (Doc. 114.)

The Probation Office filed another Report of Offender Under Supervision on March 7, 2017, notifying the Court that Mr. Gobert used methamphetamine and alcohol. (Doc. 115.) Judge Morris allowed him to continued his release, with the added condition that he complete substance abuse treatment at Connections Corrections. (*Id.*) Mr. Gobert completed the Connections Corrections Inpatient Treatment Program on May 8, 2017.

**Petition**

The Probation Office filed a petition asking the Court to revoke Mr. Gobert's supervised release on June 2, 2017. (Doc. 116.) In the petition, the Probation Office accused Mr. Gobert of violating the conditions of his supervised release by using marijuana and methamphetamine. (*Id.*) Based on the petition, Judge Morris issued a warrant for Mr. Gobert's arrest. (Doc. 117.)

**Initial appearance**

Mr. Gobert appeared before the undersigned on June 8, 2017, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United

States.

Mr. Gobert said he had read the petition and understood the allegations. Mr. Gobert waived the preliminary hearing, and the parties consented to proceeding before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Gobert admitted that he violated his supervised release. The admitted violations are serious and warrant revocation of Mr. Gobert's supervised release.

Mr. Gobert's violation grade is Grade C, his criminal history category is I, and his underlying offenses are Class A and C felonies. He could be incarcerated for up to sixty months on Count I and for up to twenty-four months on Count II. He could be ordered to remain on supervised release for up to forty-two months on each count. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of twelve months and one day, with no supervised release to follow, or a low-end sentence, with supervised release to follow. Mr. Weldon agreed that a sentence at the low end of the guideline range would be sufficient in this case. Mr. Gobert addressed the Court and stated that the constant exposure to drugs on the reservation makes it difficult for him to stay sober.

### III. Analysis

Mr. Gobert's supervised release should be revoked because he admitted violating its conditions. Mr. Gobert should be incarcerated for four months, with thirty-eight months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

### IV. Conclusion

Mr. Gobert was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Gobert's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Gobert's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Kevin Alfred Gobert violated the conditions of his supervised release by using marijuana and methamphetamine

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Gobert's supervised release and committing Mr. Gobert to the custody of the United States Bureau of Prisons for four months on Count I and four months on

Count II, to run concurrently. Mr. Gobert should be sentenced to thirty-eight months of supervised release on each count to run concurrently. The same conditions of supervised release should be continued.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 14th day of June 2017.

_____
John Johnston
United States Magistrate Judge