IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN ALFRED GOBERT,<br><br>Defendant. | CR 11-47-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Kevin Alfred Gobert (Gobert) has been accused of violating the conditions of his supervised release. Gobert admitted all of the alleged violations. Gobert's supervised release should be revoked. Gobert should be placed in custody for 4 months, with no supervised release to follow.

## II. Status

Gobert pleaded guilty on November 22, 2011, to one count of Abusive Sexual Contact, and one count of Producing Obscene Visual Representations of the Sexual Abuse of a Child. (Doc. 68). The Court sentenced Gobert to 46 months of custody, followed by 5 years of supervised release. (Doc. 77). Gobert's current term of supervised release began on August 15, 2019. (Doc. 148 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on June 10, 2020, requesting that the Court revoke Gobert's supervised release. (Doc. 148). The Amended Petition alleged that Gobert violated the conditions of his supervised release: 1) by failing to report for sex offender treatment; 2) by using methamphetamine on two separate occasions; and 3) by failing to follow the instructions of his probation officer. (Doc. 148).

**Initial Appearance**

Gobert appeared before the undersigned for his initial appearance on June 15, 2020. Gobert was represented by counsel. Gobert stated that he had read the Amended Petition and that he understood the allegations. Gobert waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

The Court conducted a revocation hearing on June 15, 2020. Gobert admitted that he had violated the conditions of his supervised release: 1) by failing to report for sex offender treatment; 2) by using methamphetamine on two separate occasions; and 3) by failing to follow the instructions of his probation officer. The violations are serious and warrant revocation of Gobert's supervised release.

2

Gobert's violations are Grade C violations. Gobert's criminal history category is I. Gobert's underlying offenses are Class A and Class C felonies. Gobert could be incarcerated for up to 60 months. Gobert could be ordered to remain on supervised release for up to 32 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Gobert's supervised release should be revoked. Gobert should be incarcerated for 4 months, with no supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Gobert that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Gobert of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Gobert that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also explained to Gobert that he had the right to allocute before Judge Morris. Gobert stated that

he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Kevin Alfred Gobert has violated the conditions of his supervised release: by failing to report for sex offender treatment; by using methamphetamine on two separate occasions; and by failing to follow the instructions of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Gobert's supervised release and commit Gobert to the custody of the United States Bureau of Prisons for 4 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 15th day of June, 2020.

John Johnston
United States Magistrate Judge